UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at LONDON

JAMES DEE HAMLIN, III,

     Plaintiff,

V.

DANNY WAYNE CLARK, et al.,

     Defendants.

Civil Action No. 6: 17-253-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate James D. Hamlin, III, filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Defendants Danny Wayne Clark and Teddy Couch have filed a motion to dismiss the complaint [R. 14], which has been fully briefed by the parties [R. 19, 20, 21].[1] This matter is therefore ripe for decision.

In his complaint, Hamlin alleges that while confined at the Leslie County Detention Center ("LCDC") in May 2017, for 13 days he and four other inmates were housed in a recreation room which lacked a toilet or running water. As a result, Hamlin alleges that he and his fellow inmates were forced to urinate in a cup and pour it down the sink. He further states that he and others were required to wait for hours to use the restroom or to obtain drinking water. [R. 1 at 4]

Defendants Danny Wayne Clark, Jailer of LCDC, and Teddy Couch, Assistant Jailer of LCDC, have filed a combined answer and motion to dismiss the complaint.

---

[1] Defendants have filed an objection to Hamlin's filing of what is effectively a sur-reply [R. 21], and request that it be stricken from the record [R. 22]. Hamlin's filing is not permitted by the Local Rules absent leave of the Court, but the Court will permit it in this instance because Hamlin is proceeding without counsel and because his filing is responsive to the exhaustion issue raised, at least in part, for the first time in their reply. See *Key v. Shelby County*, 551 F. App'x 262, 265 (6th Cir. 2014).

[R. 14]  Defendants first contend that Hamlin failed to allege in his complaint that he exhausted his administrative remedies prior to filing suit.  [R. 14 at 1-2]  While they refer to the Supreme Court's opinion in *Jones v. Bock*, 549 U.S. 199 (2007) in support of their motion, the holding in that case requires that it be denied.  In *Jones* the Supreme Court held that administrative exhaustion is not an element of the plaintiff's cause of action which must be pled in the complaint, but rather an affirmative defense which must be pled – and proved – by the defendant.  *Id*. at 214-16.  Hamlin's complaint is therefore not deficient in this regard.

The Defendants also contend that while Hamlin filed a grievance regarding these events, he did not file it "promptly" as required by LCDC's grievance policy, waiting at least four (and as many as six) weeks after the events complained of before filing a grievance.  Hamlin also failed to file an appeal as provided in that policy.  [R. 20 at 2-3; R. 20-2 at 1; 20-3 at 1-3]  Hamlin's delay in filing his initial grievance likely fails to satisfy the "promptness" requirement.  But more fundamentally, his undisputed failure to file any appeal from the denial of his grievance unquestionably fails to satisfy the exhaustion requirement.  *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules ...").

Defendants also contend that Hamlin's complaint: (1) fails to state which of his constitutional rights were violated; (2) fails to identify the officers whose conduct violated those rights; (3) states no claim against them as supervisory officials because they are not liable under a theory of *respondeat superior*; and (4) states facts which are not sufficiently serious to implicate the Eighth Amendment.  [R. 14 at 2-8]

While Hamlin does not expressly invoke the Eighth Amendment as a basis for his claims in his complaint, the Court liberally construes *pro se* pleadings to infer any claim directly and reasonably supported by the plaintiff's factual allegations. *Haines v. Kerner*, 404 U.S. 519, 596 (1972). Hamlin's complaint adequately suggests that he asserts a claim under the Eighth Amendment. And Hamlin's allegation that on several occasions his access to a toilet was delayed for several hours over a two week period, though somewhat vague, is sufficiently serious to implicate the Eighth Amendment.[2]

The Court agrees, however, that Hamlin's complaint alleges only that unidentified officers placed him in the recreation room and delayed his access to a toilet. Hamlin acknowledges that he cannot identify these individuals. [R. 19 at 3] While Hamlin alleges *in his response*, and in conclusory fashion, that Clark or Couch were directly involved in this conduct because they (he assumes) must have made the decision to house them in this cell, his complaint makes no such allegation. A motion to dismiss tests the sufficiency of the plaintiff's complaint, which in this case fails to state a claim against these defendants for a violation of his civil rights. *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (citing *Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). Nor is *respondent superior* an available theory of liability for a civil rights claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) ("In a § 1983 suit or a *Bivens* action - where masters do not answer for the torts of their servants - the term 'supervisory liability' is a misnomer.").

Hamlin argues that "[o]fficers do not readily offer information about themselves to inmates. This makes it nearly impossible to identify each individual involved." [R. 19

---

[2] Hamlin does not allege that he suffered any physical injury as a result of this conduct as required to proceed under Section 1983. See 42 U.S.C. § 1997e(e). Nonetheless, the Court addresses the sufficiency of Hamlin's allegations on other grounds.

at 3]  The former assertion is undoubtedly correct, although police officers and prison guards do generally wear a badge or tag displaying a first initial and last name to assist in identification.  Hamlin also learned the name and address of four individuals he alleges were in the cell with him [R. 1 at 1; 1-1 at 1], information which might have helped him discover the identity of the officers actually involved.  Hamlin also could have obtained this information directly from the jail.  Regardless, the ordinary burdens of litigation do not relieve any plaintiff, prisoner or not, from the legal obligation to identify the party responsible for their injuries and name him or her as a defendant in the complaint.  An aggrieved individual wishing to sue must use the time available during the running of the limitations period to collect information in support of their claim and to identify the defendants to the suit, something that did not occur here.  Regardless of the cause, Hamlin having failed to name the responsible officers as defendants in the complaint does not provide legal justification for naming merely their supervisors.

Accordingly, it is **ORDERED** as follows:

1.      Defendants' objection to Hamlin's filing of a sur-reply [R. 22] is **DENIED**.

2.      Defendants' motion to dismiss the complaint [R. 14] is **GRANTED**.

3.      Hamlin's claims against LCDC Jailer Danny Wayne Clark and LCDC Assistant Jailer Teddy Couch are **DISMISSED**.

4.      This matter is **STRICKEN** from the active docket of the Court.

Dated May 8, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

5